**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **AKOLOUTHEO, LLC,** | |
| **Plaintiff,** | **CIVIL ACTION NO.: 4:19-cv-818** |
| **v.** | **JURY TRIAL DEMANDED** |
| **TYLER TECHNOLOGIES, INC.,** | |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement in which Akoloutheo, LLC ("Akoloutheo" or "Plaintiff"), makes the following allegations against Tyler Technologies, Inc. ("Tyler" or "Defendant").

## PARTIES

2.      Akoloutheo is a Texas limited liability company, having its primary office at 15139 Woodbluff Dr., Frisco, Texas 75035. Plaintiff's owner and sole operator is Rochelle T. Burns.

3.      Tyler is a Delaware corporation with its principal place of business at 5101 Tennyson Parkway, Plano, TX 75024. Defendant's Registered Agent for service of process in Texas appears to be Capitol Corporation Services, Inc., 206 E. 9th Street, Suite 1300, Austin, TX 78701.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. Defendant has a regular and established place of business in this Judicial District, and Defendant has also committed acts of patent infringement in this Judicial District.

6.     Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

7.     Defendant has established offices – specifically, its corporate headquarters – located within the Eastern District of Texas, in Plano, Texas.



8.      Defendant has infringed, and does infringe, by transacting and conducting business within the Eastern District of Texas. Upon information and belief, operations at Defendant's Plano location include sales, marketing, business development, and/or product support for Defendant's infringing instrumentalities.

9.      Defendant's office in Plano, Texas is a regular and established place of business in this Judicial District, and Defendant has committed acts of infringement (as described in detail, hereinafter) at the Defendant's office within this District. Venue is therefore proper in this District under 28 U.S.C. § 1400(b).

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,426,730**

10.     Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,426,730 ("the '730 Patent") entitled "Method and System for Generalized and Adaptive Transaction Processing Between Uniform Information Services and Applications" – including all rights to recover for past, present and future acts of infringement.  The '730 Patent issued on September 16, 2008, and has a priority date of April 19, 2001.  A true and correct copy of the '730 Patent is attached as Exhibit A.

11.     Defendant directly – through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – made, had made, used, operated, imported, provided, supplied, distributed, offered for sale, sold, and/or provided access to software systems, cloud-based software, and/or software as a service (SaaS) (collectively, "software") for organizing, storing, searching and retrieving data and documents across multiple networked resources – including, but not limited to, Tyler's dataXchange and Tyler Content Manager software systems ("Tyler Software").

12.     The Tyler Software is the infringing instrumentality.

13.     Tyler Software is server-based, operatively couples to a plurality of networked systems and resources, and accesses and retrieves data from across those networked systems.



14.     Tyler Software operates utilizing web-browser access:



15.     Tyler Software provides query-based access to data and documents from the networked systems.

16.   Tyler Software processes a user query and retrieves data from a plurality of networked data sources.



17.   Tyler Software utilizes and/or maintains a registry of data resources.



18.   Tyler Software dynamically processes user transaction requests (queries), selecting information resources and performing operations on those resources to provide a resultant resource or result to the user.



19.     Tyler Software thus generates and processes transaction requests for access to particular network resources.

20.     Tyler Software processes transaction requests, selects one or more responsive resources, and delivers access to a responsive resource through a user interface.

21.     Plaintiff herein restates and incorporates by reference paragraphs 11 – 20, above.

22.     All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within Tyler Software .

23.     Tyler Software comprises a networked computer system that provides a resultant resource according to a transaction request.

24.     Tyler Software comprises transaction processing module(s).

25.     Tyler Software comprises a plurality of networked resources communicatively coupled to provide specific data responsive to a transaction processed by Tyler Software.

26.     Tyler Software maintains registries of networked data resources and data characteristics for use in responding to transactions requests.

27.     Tyler Software processes a transaction request utilizing contextual elements related to the request and/or the user entering the request.

28.     Tyler Software selects one or more data resources, and performs one or more operations on those data resources to satisfy the transaction request.

29.     Tyler Software generates a resultant data resource responsive to the transaction request, and delivers that resultant data resource to the user via a user interface.

30.     Tyler Software infringes – at least – claims 1, 15, and 17 of the '730 Patent.

31.     Tyler Software literally and directly infringes – at least – claims 1, 15, and 17 of the '730 Patent.

32.     Tyler Software performs or comprises all required elements of – at least – claims 1, 15, and 17 of the '730 Patent.

33.     In the alternative, Tyler Software infringes – at least – claims 1, 15, and 17 of the '730 Patent under the doctrine of equivalents. Tyler Software performs substantially the same

functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1, 15, and 17 of the '730 Patent. Any differences between the Tyler Software and the claims of the '730 Patent are insubstantial.

34.     All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within, or performed by, Tyler Software and are therefore attributable to Tyler.

35.     Tyler Software, when used and/or operated in its intended manner or as designed, infringes – at least – claims 1, 15, and 17 of the '730 Patent, and Tyler is therefore liable for infringement of the '730 Patent.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.     A judgment in favor of Plaintiff that Defendant has infringed the '730 Patent;

b.     A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '730 Patent;

c.     A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '730 Patent as provided under 35 U.S.C. § 284;

d.     An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

e.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f.     Any and all other relief to which Plaintiff may show itself to be entitled.

November 11, 2019                                Respectfully Submitted,

                                        By:  /s/ *Ronald W. Burns*

                                        Ronald W. Burns (*Lead Counsel*)
                                        Texas State Bar No. 24031903
                                        RWBurns & Co., PLLC
                                        5999 Custer Road, Suite 110-507
                                        Frisco, Texas 75035
                                        972-632-9009
                                        rburns@burnsiplaw.com

                                        **ATTORNEY FOR PLAINTIFF**
                                        **AKOLOUTHEO, LLC**